UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                   **No. 09-142**

**DAMON DANOS**                                                       **SECTION I**

### ORDER & REASONS

Before the Court is defendant Damon Danos' ("Danos") motion[1] for a reduction in sentence, and his supplemental memorandum[2] in support of that motion. The government does not oppose a reduction in sentence, but opposes Danos' specifically requested reduction.[3] For the reasons below, the Court grants the motion for a sentence reduction.

### I.   BACKGROUND

On March 17, 2011, Danos pleaded guilty before this Court to one count of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrocholoride in violation of Title 21, United States Code, Section 846.[4] At

---

[1] R. Doc. No. 435.
[2] R. Doc. No. 452. At the government's request, the Court transferred Danos' motion to this District's 1stSA Committee for consideration and recommendation. R. Doc. No. 440. Counsel subsequently enrolled on Danos' behalf and filed a supplemental memorandum in support of his motion. R. Doc. Nos. 445, 453. The government filed a supplemental memorandum in response to Danos' supplemental memorandum. R. Doc. No. 454.
[3] R. Doc No. 454, at 1.
[4] R. Doc. Nos. 297, 299.

the time of sentencing, Danos' guideline sentencing range was 262 to 327 months.[5] At sentencing, the Court granted Danos' motion for a downward variance[6] and sentenced him to a 202-month term of imprisonment and a 5-year term of supervised release.[7] The Court's judgment did not specify whether Danos' term of imprisonment was to run consecutive to or concurrent with any other term of imprisonment.[8]

After Danos was sentenced in this Court, he pleaded guilty in state court to simple kidnapping, witness intimidation, and domestic abuse battery, and was sentenced to 10 years, 5 years, and 6 months, respectively, in connection with those charges.[9] The state court ordered that those sentences were to run concurrently with each other and Danos' federal sentence.[10] Danos served his state sentences before being transferred to federal custody.[11] However, he has allegedly not received credit for the time he served in state custody.[12] His current projected release date is December 29, 2032.[13]

## II. LAW & ANALYSIS

Section 404 of the First Step Act of 2018 "gives courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain

---

[5] R. Doc. No. 307-1, at 1.
[6] R. Doc. No 309.
[7] R. Doc. No. 314.
[8] *Id.* at 2.
[9] R. Doc. No. 453, at 3; R. Doc. No. 454, at 2.
[10] R. Doc. No. 454, at 2.
[11] *Id.*
[12] R. Doc. No. 435, at 2.
[13] *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 21, 2023).

covered offenses." *United States v. Batiste,* 980 F.3d 466, 471 (5th Cir. 2020) (citation omitted). "A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *Id.* (citation omitted).

The parties agree that Danos is eligible for a sentence reduction pursuant to Section 404. They further agree that his modified statutory sentencing range is 5 to 40 years imprisonment, and that his new advisory guideline range is 188 to 235 months imprisonment.[14] Danos requests that the Court reduce his term of imprisonment to 144 months and order that the sentence run concurrently with his now-completed state sentences.[15]

The government argues that the 202-month sentence "is not unreasonable" because it is in the middle of Danos' revised guideline range, but "because the Court initially imposed a downward variance . . . [the government does] not oppose a comparable reduction . . . to no less than 145 months."[16] However, the government opposes Danos' request for a 144-month sentence and opposes the request that the modified sentence be ordered to run concurrently with the state sentences.[17]

The Court first addresses Danos' request that the modified sentence be ordered to run concurrently with his completed state sentence. Federal courts have discretion

---

[14] R. Doc. No. 453, at 12; R. Doc. No. 454, at 3.
[15] R. Doc. No. 453, at 14.
[16] R. Doc. No. 454, at 1, 9.
[17] *Id.* at 1.

to order that a federal sentence run either concurrently or consecutively with an anticipated but not-yet-imposed federal sentence. *Setser v. United States*, 566 U.S. 231, 236–37 (2012). However, "[w]hen[, as here,] a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently." *United States v. Kellogg*, No. 03-50054, 2006 WL 1312479, at *2 (W.D. La. May 11, 2006) (citing *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003)); *see also* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

At the time of Danos' sentencing, the Court was aware that he might be sentenced on the state charges, which were then pending.[18] However, as noted, the Court's judgment is silent as to whether the federal sentence was to run concurrently or consecutively with any later-imposed state sentence. Accordingly, the sentence is presumed consecutive. 18 U.S.C. § 3584. The "state court's [later] determination that [Danos'] state sentence should run concurrently with [his] federal sentence is not binding on the federal government." *Lewis v. Warden, FCC Beaumont*, No. 18-285, 2019 WL 758615, at *2 (E.D. Tex. Jan. 2. 2019) (citing *Hunter v. Tamez*, 622 F.3d

---

[18] R. Doc. No. 148, ¶¶ 109–110.

427,430 (5th Cir. 2010)).[19] Accordingly, the Court declines to order that Danos' sentence run concurrently with his completed state sentence.

The Court next addresses whether Danos' sentence should be reduced pursuant to the First Step Act. In doing so, the Court may consider post-sentencing developments of law or fact, along with the sentencing factors set forth in § 3553(a). *Batiste*, 980 F.3d at 471–76; *Concepcion v. United States*, 142 S.Ct. 2389 (2022). The Court's originally imposed sentence of 202 months is within the revised guideline range of 188 to 235 months. However, as noted, the Court's sentence reflected a downward variance, and the Court therefore finds that a sentence below the revised guideline range is appropriate. Danos' post-sentencing participation in educational programming counsels in favor of a reduction, though his record also reflects two disciplinary violations, one for being absent from an assignment and one for misusing authorized medication.[20] The Court recognizes that the sentence imposed must "reflect the seriousness of [Danos'] offense," 18 U.S.C. § 3553(a)(2)(A), but also that intervening changes in sentencing law reflect a consensus that a lesser term of

---

[19] Danos' argument that failure to order that his federal sentence run concurrent with his state sentence may render his guilty plea in state court unconstitutional must be addressed to the state court where the plea was entered. R. Doc. No. 453, at 18–19. To the extent that Danos seeks credit towards his federal sentence, the Court notes that "the BOP has the sole authority to compute a prisoner's credits, and . . . where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *United States v. Jackson*, 470 F. App'x 324, 328–29 (5th Cir. 2012) (cleaned up) (quotations and citation omitted).

[20] R. Doc. No. 454-5.

imprisonment is appropriate. However, Danos' criminal history is extensive and includes instances of violence.[21] *Id.* § 3553(a)(1). Considering all the § 3553(a) factors, as well as intervening developments of law and fact, the Court concludes that Danos' sentence should be reduced to a term of 154 months.

### III.   CONCLUSION

**IT IS ORDERED** that Danos' motion is **GRANTED** and his term of imprisonment is reduced to a term of 154 months.

**IT IS FURTHER ORDERED** that to the extent Danos' original motion requested appointment of counsel,[22] that request is **DISMISSED AS MOOT**, as counsel has already enrolled on Danos' behalf.

**IT IS FURTHER ORDERED** that the request that the Court order that Danos' federal sentence run concurrently with his state sentence is **DENIED**.

New Orleans, Louisiana, July 24, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 307, ¶¶ 91–110.
[22] R. Doc. No. 435, at 3.